## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 21 2016, 8:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Alan K. Mills
Howard E. Kochell
Jonathan D. Sundheimer
Barnes & Thornburg, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Stephen M. Koers
Lewis and Wilkins, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GCCFC 2006-GG7 Beachway Drive, LLC,

*Appellants-Plaintiffs,*

v.

William D. Boyce Trust 2350; William D. Boyce Testamentary Trust 3649; and William D. Boyce Testamentary Trust 3650,

*Appellees-Defendants.*

April 21, 2016

Court of Appeals Case No. 49A02-1502-MF-109

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No. 49D14-1204-MF-13570

**Pyle, Judge.**

# Statement of the Case

GCCFC 2006-GG7 Beachway Drive, LLC ("Beachway Drive, LLC") appeals the trial court's order denying its second motion for summary judgment. It argues that the trial court should have granted summary judgment in its favor and awarded it the full extent of damages it was entitled to receive pursuant to its successful breach of contract and guaranty claims. However, because we find that Beachway Drive, LLC forfeited its appellate arguments by failing to file a timely notice of appeal, we dismiss.

We dismiss.

# Issue

Whether Beachway Drive, LLC forfeited its appeal of the trial court's motion for summary judgment.

# Facts

On March 16, 2006, Boyce Trust Properties 2350, LLC; Boyce Trust Properties 3649, LLC; and Boyce Trust Properties 3650, LLC (collectively, "the Borrowers") executed a mortgage note ("Note") in the amount of $2,000,000 in favor of Goldman Sachs Commercial Mortgage Capital, L.P. ("the Original Lender"). As security for the Note, the Borrowers executed a Mortgage and Security Agreement ("the Mortgage") in favor of the Original Lender, in which they "irrevocably mortgaged, warranted, granted, bargained, sold, conveyed, transferred, pledged, set over, and assigned a security interest" in real property located on Beachway Drive in Indianapolis, Indiana ("the Property"). (App.

218). That same day, three limited liability companies/trusts—William D. Boyce Trust 2350; William D. Boyce Testamentary Trust 3649; and William D. Boyce Testamentary Trust 3650 (collectively, "the Guarantors")—executed a Guaranty Agreement ("Guaranty Agreement") with the Original Lender wherein they agreed to be liable to the Original Lender for certain "Guaranteed Obligations" regarding the Property. (App. 47). The Guaranty Agreement defined the "Guaranteed Obligations" as:

> The obligations or liabilities of the Borrower[s] or Guarantor[s] to Lender for any loss, damage, cost, expense, liability, claim or other obligation incurred by Lender (including attorneys' fees and costs reasonably incurred) arising out of or in connection with the following:
>
> (a) fraud, material misrepresentation, or willful misconduct by [the] Borrower[s] . . . .
>
> (b) physical waste knowingly committed on the Mortgaged Property by [the] Borrower[s]; damage to the Mortgaged Property as a result of the intentional misconduct or gross negligence of [the] Borrower[s] . . . or the removal of any portion of the Mortgaged Property in violation of the terms of the Loan Documents whenever an Event of Default exists;
>
> (c) . . . failure to pay any valid Taxes . . . mechanic's liens, materialmen's liens or other liens on any portion of the Mortgaged Property . . . .
>
> (d) all reasonable legal costs and expenses (including reasonable attorneys' fees) reasonably incurred by [the Original] Lender in connection with litigation or other legal proceedings involving the collection or enforcement of the Loan . . .
>
> (e) the material breach of any representation, warranty, covenant or indemnification provision in that certain Environmental and

Hazardous Substance Indemnification Agreement of even [sic] date herewith given by [the] Borrower[s] to [the Original Lender] or in the Mortgage concerning environmental laws, hazardous substances or asbestos;

(f) any and all loss, damage, cost, expense, liability, claim or other obligation incurred or suffered by [the Original Lender] by reason of, arising out of or related to mold, mildew, fungus, mushroom, spores or other microorganism of any type . . . .

(g) the misapplication or conversion by [the] Borrower[s] of (A) any insurance proceeds paid to [the] Borrower[s] by reason of any loss, damage, or destruction to the Mortgaged Property, (B) any awards or other amounts received by [the] Borrower[s] in connection with the condemnation of all or a portion of the Mortgaged Property, or (C) any Rents while an Event of Default exists;

* * * * *

(i) [The] Borrower[s'] failure to pay [the Original] Lender the amounts, if any, due and owing [to the Original Lender] pursuant to Paragraph 17(C) of the Mortgage;[1] and

(j) Borrower[s'] failure to maintain any one or more of the Policies required under Paragraph 2 of the terms of the Mortgage or to pay or provide the amount of any one or more insurance deductible in excess of $25,000.00 following a Casualty or other insured event or claim. . . .

(App. 47-48). Finally, among other documents, the Borrowers also granted, transferred, and assigned to the Original Lender all rights, interests, and estates to the leases and rents from the tenants of the Property in an assignment of rents

---

[1] The parties did not include a copy of the Mortgage in either of their Appendices. Accordingly, we do not know what Paragraph 17(C) of the Mortgage said.

("Assignment of Rents"). The Mortgage was recorded on March 24, 2006 in the Office of the Recorder of Marion County, Indiana.

[4] Subsequently, in 2006, the Original Lender assigned its rights to the Note, the Mortgage, the Assignment of Rents, and the Guaranty, among other instruments concerning the Mortgage and the Property (collectively, "the Loan Documents") to LaSalle Bank National Association, as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2006-GG7, Commercial Mortgage Pass-Through Certificates, Series 2006-GG7 ("the First Assignee"). The First Assignee, in turn, assigned its rights to the Loan Documents to Bank of America National Association, as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2006-GG7, Commercial Mortgage Pass-Through Certificates, Series 2006-GG7 ("the Second Assignee") in October 2010. That same month, the Borrowers ceased to make monthly mortgage payments to the Second Assignee and ceased to pay the Original Lenders the rents they received from the tenants on the Property as required by the Assignment of Rents. As a result, the Second Assignee sent a notice of default to the Borrowers and Guarantors on July 20, 2011. The Borrowers never resumed paying the amounts they owed under the Loan Documents.

[5] Through additional assignments, Beachway Drive, LLC became the "rightful holder of all right, title, and interest in" the Loan Documents on February 7, 2012. (App. 227). On April 3, 2012, it filed a complaint against the Borrowers

and Guarantors, raising claims of, and seeking: Count I, breach of contract by the Borrowers; Count II, breach of Guaranty by the Guarantors; Count III, replevin; Count IV, foreclosure of the mortgage; and Count IV, immediate appointment of a receiver. Then, on September 26, 2012, Beachway Drive, LLC filed a motion for summary judgment and a decree of foreclosure, arguing that summary judgment was warranted on all of the counts because there were no genuine issues of material fact left for the trial court to decide.

[6] The trial court granted summary judgment in favor of Beachway Drive, LLC on all of the counts in its complaint on May 16, 2013. It stated that its judgments on all of the counts were "final judgment[s]." (App. 234-36). With respect to the breach of contract claim, the court found that the amount "due and owing" under the loan totaled $2,248,322.63, plus and including various other fees. (App. 229). It defined the $2,248,322.63 owed, "plus any other indebtedness with interest, attorneys' fees, costs, and expenses, and third party fees and appraisals continuing to accrue on the unpaid balance, less any credits due and owing to the Borrowers" as "the Indebtedness." (App. 230). It also found that Beachway Drive, LLC continued to incur "expenses under the Loan Documents [due to the breach of contract,] including and without limitation, attorneys' fees, costs, and expenses, all of which [Beachway Drive, LLC] was entitled to recover." It defined these expenses as "Additional Costs." (App. 230).

[7] With respect to the Guarantors and the breach of guaranty count of the complaint, the trial court found that:

69. Pursuant to the Guaranty, the Guarantors irrevocably and unconditionally guaranteed the payment and performance of the Guaranteed Obligations, which includes, *inter alia*, the obligations or liabilities of the Borrowers to the Plaintiff for any loss, damage, cost, expense, liability, claim or other obligation incurred by the Plaintiff for, *inter alia*: (i) all reasonable legal costs and expenses reasonably incurred by the Plaintiff in connection with litigation or other legal proceedings involving the collection or enforcement of the Loan; and (ii) the misapplication or conversion by the Borrowers of any rents while an event of default exists.

\* \* \* \* \*

81. The Borrowers have converted the rents received from the Mortgaged Property, exercising dominion over the rents to the exclusion of and in defiance of the rights of the Plaintiff.

82. The Borrowers have withheld, and continue to withhold, the rents received from the Mortgaged Property from the Plaintiff.

\* \* \* \* \*

86. As a result of the Borrowers' default under the Loan Documents, the Guarantors are liable pursuant to, *inter alia*, Article 1 of the Guaranty.

\* \* \* \* \*

88. By continuing to collect rents from the Mortgaged Property on and after October 1, 2010 and not paying the Plaintiff the Monthly Payments, the Borrowers misapplied the rents while an event of default existed.

89. The Guarantors have failed to pay the amounts due and owing under the terms of the Guaranty.

90. The Guarantors are liable for no less than the monthly Payments due and owing to the Plaintiff from September 2010

through September 1, 2012, which amounts to no less than Three Hundred Two Thousand Six Hundred Seventy-Four and 50/100 Dollars ($302,674.50).

(App. 230-33).

[8] As a result of these findings, the trial court ordered the following in regard to Count II:

> [A] *final judgment* is hereby entered in favor of the Plaintiff and against the Guarantors, jointly and severally, on Count II of the Complaint (breach of guaranty), *in personam*, in an amount not less than the loss, liability, cost, expense, claim, or other obligation incurred by the Plaintiff, pursuant to Article 1 of the Guaranty, plus: (a) the amount of mortgage payments, which the Borrowers collected in rent on and after September 1, 2010 through September 1, 2012 and failed to pay to the Plaintiff, in an amount no less than Three Hundred Two Thousand Six Hundred Seventy-Four and 50/100 Dollars ($302,674.50); (b) costs of collection including, but not limited to, attorneys' fees and costs of Fifty-Two Thousand One Hundred Forty-Two and 49/100 Dollars ($52,142.49) through August 31, 2012 and other attorneys' fees and costs incurred thereafter; and (c) any other amounts whatsoever payable under the Guaranty or applicable law[.]

(App. 235) (emphasis added). The trial court also specified that Beachway Drive, LLC had fourteen days after the judgment to file "supplemental affidavits and any supplemental documentation setting forth the updated amounts of the Indebtedness and attorneys' fees and costs incurred by [Beachway Drive, LLC] through the date of the supplemental filings[.]" (App. 237). It further stated that "any objection to the amounts set forth in the supplemental filings filed by [Beachway Drive, LLC] [had to] be filed within

seven (7) days of the supplemental filing[.]" (App. 238).  Beachway Drive, LLC did not file any supplemental affidavits or documentation within fourteen days of the judgment.[2]

Instead, on June 18, 2013, two months after the "final judgment" order, Beachway Drive, LLC filed a motion, which it titled a second motion for summary judgment, arguing that the trial court had failed to determine the specific amount of damages the Guarantors owed Beachway Drive, LLC.[3] (App. 235).  It argued that the Guarantors were liable for the entire Indebtedness—as the trial court defined the term in its summary judgment order on Count I—which amounted to $2,452,657.87, plus other costs and fees. Beachway Drive, LLC acknowledged that if it was "successful in obtaining judgment," for "the entire Indebtedness against the Guarantors," it could not also collect the $354,816.99 that the trial court had already awarded it and receive a double recovery.  (App. 240).

The Guarantors filed a motion to strike Beachway Drive, LLC's second motion for summary judgment on the ground that the trial court's judgment on the first

_____

[2] Beachway Drive also failed to file a notice of appeal of the trial court's ruling.  The Borrowers and Guarantors filed a notice of appeal on June 17, 2013.  In their notice of appeal, they stated that the appeal was "from a final judgment." (Appellee's App. 10).  However, on October 21, 2013, the Borrowers and Guarantors moved to dismiss their appeal, stating that they had reviewed the transcript in the matter and no longer wished to appeal.  The trial court granted their motion.

[3] Attached to this second motion for summary judgment, Beachway Drive, LLC designated evidence, including a supplemental affidavit.  In this affidavit, the affiant presented evidence to support an additional breach of contract argument that Beachway Drive, LLC had failed to raise in its complaint or in its first motion for summary judgment.

motion for summary judgment had been final and had resolved all of the claims between all of the parties. On April 15, 2014, the trial court denied this motion to strike. On August 28, 2014, it entered a general judgment denying the second motion for summary judgment.

[11] Thereafter, on September 26, 2014, Beachway Drive, LLC filed a motion for the trial court to clarify its August 28, 2014 order. Beachway Drive, LLC argued that the trial court had failed to designate the undisputed facts in its second summary judgment order, which contravened Indiana Trial Rule 56(D). As a result, it requested that the trial court amend the order to include those facts and also to grant the additional relief Beachway Drive, LLC had requested against the Guarantors. On December 8, 2014, the trial court denied Beachway Drive, LLC's motion to clarify, ruling that "this Court confirms all prior claims against all parties [have] been resolved and there is to be no further action on this case." (App. 11) (emphasis in original).

[12] Next, on December 30, 2014, Beachway Drive, LLC filed a motion to correct error in which it argued that the trial court had erred in holding that all claims against all of the parties had been resolved and in denying its motion to clarify. On January 26, 2015, the trial court held a hearing on the issue. The next day, it issued an order denying the motion to correct error. In its order, the court explained that it had denied Beachway Drive, LLC's second motion for summary judgment because Beachway Drive, LLC had failed to follow the deadlines for requesting additional damages that the court had established in its May 16, 2013 summary judgment order, and, therefore, Beachway Drive,

LLC's second motion for summary judgment requesting damages had been untimely. Beachway Drive, LLC now appeals.

# Decision

[13] On appeal, Beachway Drive, LLC argues that the trial court erred in denying its second motion for summary judgment and motions thereafter because in its first summary judgment order the trial court had failed to determine whether the Guarantors were liable for the Indebtedness owed by the borrowers and had failed to assess the full damages the Guarantors owed Beachway Drive, LLC. However, we conclude that the trial court's first summary judgment order was final and, thus, Beachway Drive, LLC forfeited its claims by failing to file a timely notice of appeal of that order.

[14] Under Indiana Appellate Rule 9(A), a party must file a notice of appeal of a trial court's judgment within thirty (30) days of the final judgment or it will forfeit its claim. App. R. 9(A). Indiana Appellate Rule 2(H) provides that a judgment is final if, among other things, it "disposes of all claims as to all parties." App. R. 2(H).

[15] Beachway Drive, LLC argues that the trial court's first summary judgment order was not final because the trial court did not rule on all of its damages and, therefore, did not dispose of all of the claims between the parties. It claims that the trial court should have determined whether the Guarantors were liable for the "Indebtedness," as the trial court defined the term. However, the trial court did determine that the Guarantors were liable for part of the Indebtedness,

because it found them liable for the rents that the Borrowers had withheld from Beachway Drive, LLC. As stated above, the trial court stated that "the Indebtedness" included $2,248,322.63 "plus any other indebtedness with interest, attorneys' fees, costs, and expenses, and third party fees and appraisals continuing to accrue on the unpaid balance, less any credits due and owing to the Borrowers." (App. 230). The withheld rents qualified as "any other indebtedness" under this definition, as they were owed under the Loan Documents. (App. 230). Thus, the trial court did address the issue of whether the Guarantors were liable for the Indebtedness, and it found that they were liable for only part of it. Beachway Drive, LLC also seemingly recognized that the trial court had already awarded it a portion of the Indebtedness when it acknowledged that it could not recover the Indebtedness *and* the $302,674.50 the trial court had awarded it.

[16] Nevertheless, as Beachway Drive, LLC notes, the trial court allowed for future assessment of additional damages in its summary judgment order. Specifically, the trial court noted that its damages calculation included only amounts accrued through September 1, 2012. It instructed Beachway Drive, LLC to file, within fourteen days, supplemental affidavits and documentation setting forth updated Indebtedness and attorney fees that had accrued after September 1, 2012. Beachway Drive, LLC did not submit any supplemental affidavits or documentation within the following fourteen days. It now argues, though, that the trial court's order was not final as it did not assess the full amount of

damages, including the amount of damages accrued between September 1, 2012 and the supplemental findings. We disagree.

[17] Instead, we conclude that Beachway Drive, LLC's second motion for summary judgment and subsequent motions were improper attempts to revive its damages claims even though it had already failed to adhere to the trial court's deadline regarding those claims. As we stated above, a judgment is final when it disposes of all claims as to all parties. The judgment became final when Beachway Drive, LLC failed to comply with the trial court's deadline, because, at that point, there were no remaining damages claims for the trial court to assess. As a result, Beachway Drive, LLC then had thirty days to either file a notice of appeal or a motion to correct error. App. R. 9(A); T.R. 59(C). It did not file a motion to correct error until December 30, 2014—over a year and a half later—or a notice of appeal until February 25, 2015—almost two years later.

[18] Even if we liberally construe Beachway Drive, LLC's second motion for summary judgment as a motion to correct error, Beachway Drive, LLC did not file a timely notice of appeal. Pursuant to Indiana Trial Rule 53.3(A), if a trial court fails to set a motion to correct error for a hearing or to rule on the motion within forty-five days, it is deemed denied. The party then has thirty days after the motion is deemed denied to file a notice of appeal. T.R. 53.3(A). Here, the trial court did not rule on Beachway Drive, LLC's motion or set it for hearing within forty-five days, so it was then deemed denied. Then, Beachway Drive,

LLC failed to file a notice of appeal within thirty days. Accordingly, Beachway Drive, LLC has forfeited its damages claim, and we will not consider it.

[19] Notably, our supreme court recently clarified that we may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). However, we do not find that Beachway Drive, LLC has extraordinarily compelling reasons for its belated appeal. The notice of appeal requirement serves the goal of ensuring the expeditious processing of appeals and the finality of judgments. *Marlett v. State*, 878 N.E.2d 860, 864 (Ind. Ct. App. 2007), *trans. denied.* Here, almost two years passed between the trial court's original summary judgment order and Beachway Drive, LLC's notice of appeal. Allowing Beachway Drive, LLC to challenge the trial court's decision after such a delay would not serve the goals of expeditious processing of appeals or finality of judgments. Also, all of the post-summary judgment motions that Beachway Drive, LLC filed would not have been necessary if it had complied with the trial court's original fourteen-day deadline. Beachway Drive, LLC is a sophisticated actor well aware of its legal responsibilities and was represented by a well-respected legal firm. Such sophisticated actors should be able to comply with trial court and trial rule deadlines. Accordingly, we will not restore Beachway Drive, LLC's forfeited appeal to consider its claim.

[20] Dismissed.

Vaidik, C.J., and Robb, J., concur.